UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BOBBI KILBURN-WINNIE, on behalf of herself and all similarly situated persons, | ) | |
| Plaintiff, | ) | |
| | ) | 1:15-cv-01784-RLY-MPB |
| vs. | ) | |
| TOWN OF FORTVILLE, FORTVILLE WATER WORKS, and FORTVILLE UTILITIES, | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S OBJECTION TO THE COURT'S NOTICE OF INTENT TO ENTER SUMMARY JUDGMENT**

On June 1, the court issued its Notice of Intent to Enter Summary Judgment, wherein it preliminarily found that Defendants, the Town of Fortville, Fortville Water Works, and Fortville Utilities, were entitled to summary judgment pursuant to the doctrine of *res judicata*. The court provided Plaintiff, Bobbi Kilburn-Winnie, a reasonable opportunity to object to that Notice, and she filed a brief in opposition on June 23.

In her Objection, Kilburn-Winnie advances only one argument: *res judicata* can never be based upon a prior claim that was dismissed as moot. She emphasizes that the court did not decide the Second Motion for Preliminary Injunction on the merits, but instead denied it as moot. According to her, it is settled law that *res judicata* does not apply when the original decision was decided on the ground of mootness.

Kilburn-Winnie's analysis misses the mark. It is wholly immaterial that Plaintiff's Second Motion for Preliminary Injunction in *Fortville I* was rendered moot by the settlement. The Seventh Circuit does not require that the specific claim at issue be resolved on the merits before *res judicata* can apply. Rather, the court has made clear that the doctrine bars a party from relitigating any "claims already decided in a prior proceeding" *as well as* any claims "that could have been litigated in that proceeding based on the same operative facts." *McDonald v. Adamson*, 840 F.3d 343, 346 (7th Cir. 2016). This language would be rendered a nullity if Kilburn-Winnie's rule was adopted. Indeed, it would be impossible to require a decision on the merits for claims that could have been, but actually were not, raised during a previous proceeding. What matters here is that the case as a whole was resolved by a judgment on the merits.

At the conclusion of her Objection, Kilburn-Winnie requests that the court reconsider its summary judgment entry and reinstate Michelle Allen-Gregory as a class representative. This is procedurally improper, as she did not file a separate motion. The court's Local Rules prohibit parties from including motions within briefs. *See* S.D. Ind. L.R. 7-1(a). Accordingly, her request for reconsideration is summarily denied.

In the end, the court remains convinced that the three elements of *res judicata* are satisfied here. Accordingly, the court hereby enters summary judgment in favor of Defendants. Plaintiff's Motion for Class Certification (Filing No. 60) is **DENIED AS MOOT**.

Final judgment shall issue forthwith.

**SO ORDERED** this 11th day of July 2017.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.